UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DOMINGUEZ, JUANA DOMINGUEZ,<br><br>    Plaintiff(s),<br><br>  v.<br><br>EXCEL MANUFACTURING CO. INC., ET. AL.,<br><br>    Defendant. | No. C09-3611 EDL (BZ)<br><br>**CERTIFICATION OF FACTS SUPPORTING ENTRY OF JUDGMENT OF CONTEMPT** |

    The undersigned hereby certifies the following facts to Magistrate Judge Elizabeth D. Laporte in support of the entry of a judgment of criminal contempt[1] against defendant Excel

---

[1] A magistrate judge has the power to certify to a district judge facts supporting the entry of a judgment of contempt for misbehavior, such as disobeying a lawful order, which is serious or occurs outside the presence of the magistrate judge. 28 U.S.C. § 636(e)(6)(B)(i)-(ii). In that event, the magistrate judge

    "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an

1

Manufacturing Co. Inc. ("Excel"), its attorney in this action Laura Flynn, and its insurer Colony Insurance Company ("Colony"):

1.  This is a products liability action for damages arising out of an industrial accident that took place while plaintiff Juan Dominguez was working with a baler manufactured by defendant. As a result of the accident, Mr. Dominguez's right leg was badly injured. Additionally, Ms. Dominguez is bringing a loss of consortium claim.

2.  By Order dated May 14, 2010, the parties were directed to appear at a settlement conference on August 10, 2010. Doc #25, Order Scheduling Settlement Conference at 1. My order mandated the appearance of each party and lead counsel. Id at 2. My order specifically required each "party who is not a natural person [to] be represented by the person or persons **not directly involved** in the events which gave rise to the

---

> order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

The magistrate judge's authority under section 636(e) encompasses certification for criminal, as well as civil, contempt. See Taberer v. Armstrong World Indus., 954 F.2d 888 (3d Cir. 1992); Aldrige v. Young, 782 F. Supp. 1457 (D. Nev. 1991). Criminal contempt is appropriate where, as here, the relief requested is intended to punish past failures rather than to coerce future compliance. Taberer, 954 F.2d at 897; Aldridge, 782 F. Supp. at 1458.

A magistrate judge presiding with the consent of the parties, exercises the contempt authority of a district judge. 28 U.S.C. § 636(e)(4).

2

litigation but with **full** authority to negotiate a settlement." Id.  My order further clarified that "[a] person who needs to call another person not present before accepting, rejecting or making any settlement offer does not have full authority."  Id. Finally, my order required that "[a]n insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.  The Court shall be notified immediately if the carrier declines to attend."  Id.

3.   Despite my order, no representative of Excel, or of Colony, defendant Excel's insurer, was present.  I received no request from Excel to be excused from appearing.  Instead, Excel inserted a footnote in its settlement conference statement which reads as follows: "[t]he parties have stipulated that Excel and its insurance carrier representative can appear at the settlement conference via telephone.  Excel is located in Minnesota.  Its carrier is located in Arizona."  Defendant's Settlement Conference Statement at 1.

4.   The following people appeared at the settlement conference: (1) plaintiffs Juan Dominguez and Juana Dominguez, (2) plaintiffs' attorney Julio Ramos, (3) plaintiffs' worker's compensation counsel Ricardo De Alba, (4) attorney Bruce Turner for claimant State Compensation Insurance Fund, and (5) defendant's attorney Laura Flynn.  It became clear during my discussions with Ms. Flynn that she lacked full authority to settle the case.  She was in telephone contact with representatives from Excel and Colony.  At one point, I had my secretary place a conference call with Ms. Flynn, her client and its insurer.  In my judgment, their absence at the conference

3

1  was an impediment to achieving settlement.

2  5.   Mr. Ramos objected to the non-attendance of Excel and
3  its insurer.  Ms. Flynn replied that the parties had stipulated
4  to their non-attendance at the case management conference and
5  that the Court approved the stipulation and ordered the
6  conference.  Ms. Flynn stated that this stipulation was made
7  orally during a May 11, 2010 conference before Judge Laporte.
8  My intern listened to the recording of the May 11, 2010
9  conference and informs me that this claimed stipulation is not
10 in the record.  Nor is it reflected in the Court's minutes of
11 that hearing.

12 6.   Mr. Ramos denied there was such a stipulation and has
13 since filed a declaration to that effect.  Doc #34.

14 7.   The parties could not reach a settlement agreement.  In
15 part this was because defendant's representatives were not
16 present and could not meaningfully participate in the
17 negotiations or meet the plaintiffs.  In part, this was because
18 the plaintiffs were concerned that defendants had engaged in a
19 scheme to avoid a meaningful settlement conference, which they
20 attended with two lawyers.

21    I therefore request that Judge Laporte **ORDER** defendant
22 Excel and its insurer Colony to show cause at a time and place
23 she selects, why they should not be adjudged in contempt of
24 court or otherwise sanctioned for their failures to comply with
25 the Court's Order and to appear at the August 10, 2010
26 settlement conference.  Additionally, I request that Judge
27 Laporte **ORDER** defendant's attorney Laura Flynn to show cause at
28 a time and place Judge Laporte selects, why Ms. Flynn should not

4

be adjudged in contempt of court or otherwise sanctioned for claiming that she and Mr. Ramos stipulated that neither Excel nor Colony had to attend the August 10, 2010 settlement conference and that Judge Laporte approved the stipulation, when there is no record of such a stipulation.

Dated: August 11, 2010

_____
Bernard Zimmerman
United States Magistrate Judge