IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DOMINGUEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>EXCEL MANUFACTURING CO. INC.,<br><br>      Defendant.<br>_____/ | No. C-09-03611 EDL<br><br>**ORDER DENYING PLAINTIFF'S LETTER REQUEST FOR CONTINUANCE OF SUMMARY JUDGMENT BRIEFING SCHEDULE** |

On September 21, 2010, Defendant Excel Manufacturing filed a Motion for Summary Judgment to be heard on October 26, 2010. Pursuant to Civil Local Rule 7-3(a), Plaintiffs' opposition is due no later than October 5, 2010. On September 27, 2010, Plaintiff filed a letter seeking a continuance of the briefing schedule on the grounds that the parties agreed that the deposition of Defendant's Federal Rule of Civil Procedure 30(b)(6) witness will take place on October 6, 2010, and that Defendant will be producing additional documents pursuant to the Court's September 21, 2010 Order granting in part and denying in part Plaintiff's Motion to Compel. Plaintiff proposes filing his opposition on October 19, 2010. On September 28, 2010, Defendant filed a letter in response.

Plaintiff's letter was not the proper mechanism to seek a continuance of the summary judgment briefing schedule based on the desire to incorporate additional discovery in the opposition. Plaintiff did not have leave to file a letter to this effect. Instead, Plaintiff should have filed a motion pursuant to Federal Rule of Civil Procedure 56(f). That Rule states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party opposing the summary judgment bears the burden of satisfying the requirements of Rule 56(f) by making a timely application which specifically identifies relevant evidence, where there is some basis for believing that the evidence sought actually exists, and shows that the evidence would prevent summary judgment.  See Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) ("'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment.'") (quoting Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161, n. 6 (9th Cir. 2001)).

Even if Plaintiff's September 27, 2010 letter were construed as a request under Rule 56(f), the Court would deny that request.  Plaintiff made no effort to identify relevant evidence or to show that the evidence would prevent summary judgment as required by the caselaw interpreting Rule 56(f).  Thus, because Plaintiff has failed to make a sufficient showing under Rule 56(f), Plaintiff's request for an extension of the briefing schedule is denied without prejudice at this time.  However, Plaintiff may bring a motion pursuant to Rule 56(f) in connection with his opposition that is due on October 5, 2010.

**IT IS SO ORDERED.**

Dated: October 1, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

2