United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN and JUANA DOMINGUEZ,

    Plaintiff,

v.

EXCEL MANUFACTURING, INC.,

    Defendant.

                                 /

No. 09-3611 EDL

**ORDER DENYING MOTION TO BIFURCATE WITHOUT PREJUDICE**

    This is a personal injury action against a machine manufacturer relating to injuries sustained by Plaintiff during his use of a "horizontal baler" machine" in the course of his employment. Defendant has filed a motion to bifurcate trial of liability from trial of damages pursuant t Rule 42(b), on grounds that separate trials would promote convenience and judicial economy while not resulting in prejudice to any party.

    The question of whether to bifurcate a trial is a matter committed to this Court's discretion. See, e.g., Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001). Federal Rule of Civil Procedure 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." When deciding whether to bifurcate, courts consider: (1) whether separate trials would be in furtherance of convenience; (2) whether separate trials would avoid prejudice; (3) whether separate trials would serve judicial economy; (4) whether separate trials would reduce the

risk of jury confusion; and (5) whether the issues are clearly separable.  See William W. Schwarzer, Civil Procedure Before Trial, § 16:160.4 (The Rutter Group 2005).

Having considered these factors, as well as the considerations discussed in Hamm v. Am. Home Products, 888 F. Supp. 1037 (E.D. Cal. 1995) and Tuey v. Mammoth Mountain Ski Area, 2009 WL 928328 (E.D. Cal. 2009), the Court hereby DENIES the motion to bifurcate without prejudice.  The Court generally disfavors bifurcation, but Defendant is not prohibited from raising the issue in a motion *in limine* if it believes in good faith that it can make a stronger showing.

**IT IS SO ORDERED.**

Dated: October 4, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

2