IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DOMINGUEZ, | No. C-09-03611 EDL |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE EXPERT DESIGNATION OF ROBERT WOHLFERD** |
| v. | |
| EXCEL MANUFACTURING CO. INC., | |
| Defendant. | |

This is a personal injury action brought by Plaintiff Juan Dominguez and his wife Juana Dominguez against machine manufacturer Excel Manufacturing Co. ("Excel") relating to injuries sustained by Plaintiff during his use of a "horizontal baler" machine in the course of his employment. Plaintiff moves to strike one of Defendant's experts, Robert Wohlferd, on the basis that he was not timely disclosed as an industry standards expert and did not submit an expert report. For the following reasons, the motion to strike Mr. Wohlferd as an expert is DENIED.

**Background**

On January 29, 2010, this Court issued a Case Management Order industry standards and other expert discovery and providing that:

> Initial expert disclosures on the topic of industry standards shall be made no later than May 28, 2010. Rebuttal expert disclosures on the topic of industry standards shall be made no later than June 25, 2010. The deadline for deposing industry experts is July 16, 2010.
> . . .
> Initial expert disclosures on all topics other than industry standards shall be made no later than October 8, 2010. Rebuttal expert disclosures on all topics other than industry standards shall be made no later than October 22, 2010. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

See Dkt. # 21. Following some confusion on Defendant's part about whether simultaneous exchange of initial expert disclosures was required by the Order, the Court modified the dates set as

follows:

> Defendant is required to disclose its initial expert report combined with any rebuttal to Plaintiff's expert report by June 25, 2010; Plaintiff shall have until July 23, 2010 for a rebuttal of Defendant's initial expert report; The deadline for deposing industry experts shall be extended until August 15, 2010; The deadline for filing dispositive motions shall be extended to August 31, 2010 and the hearing on any such motion shall be no later than October 5, 2010; All parties' initial expert disclosures on all topics other than industry standards shall be made no later than October 19, 2010; All parties' rebuttal expert disclosures on all topics other than industry standards shall be made no later than November 2, 2010; All expert discovery shall be completed by November 16, 2010;

See Dkt. # 30 (bullet points excluded).

In its Initial Disclosures on December 1, 2009, Defendant identified Mr. Wohlferd as a witness and provided the following description: "Bob Wohlferd, Service Manager of Excel Manufacturing Co., Inc. The subject of information known by this witness includes communications with the owner of the baler/plaintiff's employer; *industry standards*; the training, manuals, labels and instructions provided with the subject baler; maintenance of the baler; and repairs made to the baler." See Flynn Decl. Ex. A (emphasis added). On June 25, 2010, Defendant disclosed Roman Beyer as its industry standards expert and provided an expert report prepared by him. See Daubert Motion at 3-4; Flynn Decl. iso Daubert Motion Ex. E. Excel did not disclose Mr. Wohlferd as an industry standards expert at that time. Thereafter, Mr. Wohlferd was identified as the person most knowledgeable regarding the design and manufacture of the subject baler and deposed for over five hours on October 6, 2010. Flynn Decl. Ex. B. After his deposition, on October 19, 2010, Defendant disclosed additional experts including, among others: "Robert Wohlferd, Excel Manufacturing Company, Inc. Mr. Wohlferd will testify about the design, manufacture and operation of the subject baler. He will also testify regarding the national standards relating to the subject baler." See Ramos Decl. Ex. A. No report or summary of qualifications has been provided for Mr. Wohlferd. Id.

**Legal Standard**

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of their expert witnesses. Fed. R. Civ. P. 26(a)(2)(A). Expert witnesses must be disclosed in

accordance with the deadlines ordered by the court. Fed. R. Civ. P. 26(a)(2)(C). Additionally, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B).

Failure to disclose an expert witness or provide the required information results in exclusion of the expert witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit has held that district courts have discretion "to allow expert testimony in appropriate circumstances," even when Rule 26 is violated. The four factors for courts to consider in evaluating harmlessness and justification are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. Cal. Apr. 13, 2010) (holding that the district court did not abuse its discretion in allowing plaintiff's expert to testify, even though plaintiff did not serve a timely, complete expert report, since the violation was non-prejudicial). The burden of proving an excuse is on the party facing sanctions. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"). The Court has discretion in issuing such sanctions. Id. at 1106 ("Furthermore, although we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").

**Analysis**

Plaintiff moves to strike Mr. Wohlferd as an expert on all topics on the basis that he was not timely disclosed as an industry standards expert by the June 25 deadline and no expert report has been provided for him. Excel counters that Mr. Wohlferd was disclosed in its Initial Disclosures and deposed as a person most knowledgeable, and that this

3

deposition included questioning regarding industry standards, so its failure to disclose him in its industry standards disclosure was harmless. See Flynn Decl. Ex. B (Wohlferd Depo.) at 94-95, 113-119, 125-139.

Neither party cites or analyzes the four factors to be considered in evaluating justification and harmlessness. Plaintiff notes that, during Mr. Wohlferd's deposition, he was questioned on issues within the scope of his employment and "[t]he usual background questioning of expert qualification was not rendered." Reply at 2. However, Plaintiff does not refute Excel's point that Mr. Wohlferd was disclosed as knowledgeable about industry standards in Excel's initial disclosures and questioned regarding industry standards during his deposition, or otherwise explain how it has been prejudiced by the failure to timely disclose him as an industry standards expert. Thus, it does not appear that Plaintiff has been prejudiced and there is no argument that the failure will disrupt the trial schedule or was done in bad faith. Therefore, Mr. Wohlferd will not be stricken for failure to timely disclose him since he was disclosed and deposed on industry standards.

With respect to an expert report, Excel argues that it was not required to produce a report for Mr. Wohlferd because he is an employee and not a retained or in-house expert. Plaintiff counters that, despite the language of Rule 26(a)(2)(B), "a majority of courts require reports from employee experts who render opinions on matters outside the scope of their employment." Funai Electric Co. v. Daewoo Electronics Corp., 2007 U.S. Dist. LEXIS 29782 (N.D. Cal. 2007) (Larson, J.). However, the plain language of Rule (a)(2)(B) states that no report is required of Mr. Wohlferd because he is admittedly not a retained or in-house expert, and even it were, any omission was not prejudicial. The Motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: December 20, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

4